## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JAMES D. MALICK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 21-1121-JAR-GEB |
| | ) |
| PALM BEACH COUNTY SHERIFF'S OFFICE, | ) |
| and RIC BRADSHAW, SHERIFF, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## ORDER

This matter is before the Court on Plaintiff James D. Malick's Motion to Proceed *In Forma Pauperis* (ECF No. 3, *sealed*) and supporting Affidavit of Financial Status (ECF No. 3-1 *sealed*). For the reasons outlined below, Plaintiff's Motion **(ECF No. 3)** is found to be **MOOT**.

Under 28 U.S.C. § 1915(a), the Court has the discretion[1] to authorize the filing of a civil case "without prepayment of fees or security thereof, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security thereof." "Proceeding *in forma pauperis* in a civil case 'is a privilege, not a right—fundamental or otherwise.'"[2] To determine whether a party is eligible to file without prepayment of the

---

[1] *Barnett ex rel. Barnett v. Nw. Sch.*, No. 00-2499, 2000 WL 1909625, at *1 (D. Kan. Dec. 26, 2000) (citing *Cabrera v. Horgas*, 173 F.3d 863, at *1 (10th Cir. April 23, 1999)).
[2] *Id.* (quoting *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998)).

fee, the Court commonly reviews the party's financial affidavit and compares his or her monthly expenses with the monthly income disclosed therein.[3]

However, before the Court had the opportunity to consider Plaintiff's request, Plaintiff paid the filing fee. (*See* ECF entry, dated May 7, 2021.) For this reason, **IT IS THEREFORE ORDERED** that Plaintiff's Motion to Proceed Without Prepayment of Fees (**ECF No. 3**) is found to be **MOOT.**

Additionally, Plaintiff is reminded that despite his status as a pro se litigant, he is expected to adhere to the federal and local court rules regarding civil procedure, filing, etc. Plaintiff should refer to the Pro Se Guide and other resources for self-represented litigants available on the Court website at: http://ksd.uscourts.gov/index.php/self-represented-litigants/. Because Plaintiff does not proceed *in forma pauperis*, he is responsible for ensuring Defendants are notified of this lawsuit. Plaintiff's deadline for service of the Summons and Complaint upon Defendants under Fed. R. Civ. P. 4(m) is 90 days from the date of filing his case, which makes the deadline for service expire on **August 2, 2021**. Therefore, Plaintiff is encouraged to review the resources available on the website in order to achieve proper service in this matter such that this case will continue to move forward as expeditiously as possible.

---

[3] *Alexander v. Wichita Hous. Auth.*, No. 07-1149-JTM, 2007 WL 2316902, at *1 (D. Kan. Aug. 9, 2007) (citing *Patillo v. N. Am. Van Lines, Inc.*, No. 02-2162-JWL-DJW, 2000 WL 1162684, at *1) (D. Kan. Apr. 15, 2002) and *Webb v. Cessna Aircraft*, No. 00-2229-JWL-DJW, 2000 WL 1025575, at *1 (D. Kan. July 17, 2000)).

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 11th day of May 2021.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge
