## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **JAMES D. MALICK,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 21-1121-JAR-GEB** |
| **PALM BEACH COUNTY SHERIFF'S OFFICE, and RIC BRADSHAW, SHERIFF,** | |
| **Defendants.** | |

## <u>MEMORANDUM AND ORDER</u>

Plaintiff James D. Malick brings this action *pro se* against Defendants Palm Beach County Sheriff's Office and Rick Bradshaw, the Palm Beach Sheriff.  Plaintiff submitted a form Civil Complaint, on which he checked the box for jurisdiction arising under 28 U.S.C. § 1343 "because of a violation of the civil or equal rights, privileges, or immunities accorded to citizens of, or persons within the jurisdiction of, the United States."[1]  Plaintiff alleges that "787.02 FSS./365 Days of my life behind bars when I was a missing person.  You will find out, what I did.  Corrupt FBI Agents, believe it."[2]  And he alleges that he was made a "missing person for 13 years 9 of those years down in Florida.  The Fed being FBI never put it in the system."[3]  Plaintiff attached to the Complaint a Palm Beach County Sheriff's Office probable cause affidavit dated October 1, 2015, providing facts to support charges against Plaintiff for battery on a law

---

[1] Doc. 1 at 3.

[2] *Id.* at 3.  Plaintiff attached to the Complaint a search result for Florida statutes.  On this list, 787.02 f.s. refers to "[f]alse imprisonment; false imprisonment of a child under age 13, aggravating circumstances."  Doc. 1 at 9.

[3] *Id.* at 4.

enforcement officer, burglary occupied conveyance, throwing a deadly missile into a vehicle, and resisting an officer.

Before the Court is Defendants' Motion to Dismiss Plaintiff's Complaint (Doc. 8), filed on July 2, 2021.  The motion argues for dismissal for lack of personal jurisdiction and failure to state a claim under Fed. R. Civ. P. 12(b)(2) and 12(b)(6), respectively.  Plaintiff submitted to the clerk for filing an email to presiding Magistrate Judge Gwynne Birzer on September 23, 2021, which the Court liberally construes as a response to the motion.[4]  For the reasons set forth below, Defendants' motion to dismiss is granted.

## I.     Standards

Plaintiff bears the burden of establishing personal jurisdiction over Defendants.[5]  In the absence of an evidentiary hearing, as in this case, a plaintiff must make only a prima facie showing of jurisdiction to defeat a motion to dismiss.[6]  "The plaintiff may make this prima facie showing by demonstrating, via affidavit or other written materials, facts that if true would support jurisdiction over the defendant."[7]  Allegations in a complaint are accepted as true if they are plausible, non-conclusory, and non-speculative, to the extent that they are not controverted

---

[4] In that email, Plaintiff asserts that he responded to the motion on July 28, 2021, by submitting it to defense counsel.  Doc. 14 at 2.  While this may have fulfilled Plaintiff's service obligations to the opposing parties under Fed. R. Civ. P. 5, it did not fulfill his obligation under Rule 5(d) to file it with the Court.  In addition to electronic filing, the rule allows Plaintiff to submit his documents for filing nonelectronically.  To file, a *pro se* litigant must deliver the document to either the clerk or "to a judge who agrees to accept it for filing, and who must then note the filing date on the paper and promptly sent it to the clerk."  Fed. R. Civ. P. 5(d)(2).  Despite its untimeliness, the Court will consider this email to Judge Birzer that was submitted to the clerk as a response to the motion to dismiss.

[5] *See Shrader v. Biddinger*, 633 F.3d 1235, 1239 (10th Cir. 2011) (citing *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1069–70 (10th Cir. 2008)).

[6] *AST Sports Sci., Inc. v. CLF Distrib. Ltd.*, 514 F.3d 1054, 1056–57 (10th Cir. 2008) (first citing *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998); and then citing *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995)).

[7] *Id.* (quoting *OMI Holdings, Inc.*, 149 F.3d at 1091).

by submitted affidavits.[8]  "In order to defeat a plaintiff's prima facie showing of jurisdiction, a defendant must present a compelling case demonstrating 'that the presence of some other considerations would render jurisdiction unreasonable.'"[9]

Because Plaintiff proceeds *pro se*, the Court must construe his filings liberally and hold them to a less stringent standard than formal pleadings drafted by attorneys.[10]  However, Plaintiff's *pro se* status does not excuse him from complying with federal and local rules.[11]

## II.    Discussion

For the court's exercise of jurisdiction to comport with due process, the defendant must have "minimum contacts" with the State of Kansas, "such that having to defend a lawsuit there would not 'offend traditional notions of fair play and substantial justice.'"[12]  "Minimum contacts" can be established in one of two ways, either generally or specifically for lawsuits based on the forum-related activities.[13]  General jurisdiction permits a court to exercise power over a corporate defendant in "instances in which the continuous corporate operations within a state [are] so substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities."[14]  The specific jurisdiction inquiry

---

[8] *Dudnikov*, 514 F.3d at 1070 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–56 (2007)).

[9] *OMI Holdings, Inc.*, 149 F.3d at 1091 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985)).

[10] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)).

[11] *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)); *see* D. Kan. Local Rule 83.5.4(g) ("Any party appearing on his or her own behalf without an attorney is expected to read and be familiar with the Rules of Practice and Procedure of this court [and] the relevant Federal Rules of Civil Procedure . . . .").

[12] *Dudnikov*, 514 F.3d at 1070 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

[13] *Id.* at 1078 (citations omitted).

[14] *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 564 U.S. 915, 924 (2011) (alteration in original) (quoting *Int'l Shoe Co.*, 326 U.S. at 318).

"focuses on the relationship among the defendant, the forum, and the litigation."[15]  To establish

minimum contacts, the "defendant's suit-related conduct must create a substantial connection

with the forum State."[16]  "Each defendant's contacts with the forum State must be assessed

individually."[17]

Defendants argue for dismissal for lack of personal jurisdiction because the Complaint

fails to include facts that would support a prima facie case of personal jurisdiction over the Palm

Beach County, Florida Sheriff's Office and Bradshaw, who have no contacts with the State of

Kansas.  The Court agrees.  Defendant Palm Beach County Sheriff's Office is a Florida

governmental entity, and Defendant Bradshaw is the County Sheriff.  There are no allegations in

the Complaint that these Florida Defendants have any connection to the State of Kansas.[18]  There

is no showing of general jurisdiction, that is, continuous and substantial operations in the State of

Kansas.  Nor is there a showing of specific jurisdiction.  The suit-related conduct—Plaintiff's

arrest and imprisonment in Palm Beach County—wholly arises out of Florida contacts.  There

are no contacts, much less substantial contacts, between Defendants, the suit-related conduct, and

the State of Kansas.

In his email to Judge Birzer, Plaintiff argues that he filed this lawsuit in his "home state"

because "no one @ circuit court 15 Palm Beach County, didn't even want to discuss it with me

& told me to go to Tallahassee."[19]  Apparently, when he tried to file his case in Tallahassee in

---

[15] *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984)).

[16] *Id.*

[17] *Calder v. Jones*, 465 U.S. 783, 790 (1984).

[18] The fact that Kansas is Plaintiff's state of residence, standing alone, will not suffice.  *See Shrader v. Biddinger*, 633 F.3d 1235, 1245 (10th Cir. 2011) ("[P]laintiff's residence in the forum state, and hence suffering harm there, does not alone establish personal jurisdiction over a defendant who has not purposefully directed his activities at the state.").

[19] Doc. 14 at 2.

January 2021, all state offices were closed due to COVID-19.  Plaintiff contends that he also attempted to bring these civil rights violations to the attention of his Florida senators, to no avail. But the minimum contacts required to establish personal jurisdiction cannot be based on a Plaintiff's hardship in filing a lawsuit where personal jurisdiction does exist.  He must show that there is some connection between the State of Kansas, the suit-related conduct, and the parties. Because Plaintiff fails to demonstrate a prima facie case of personal jurisdiction, Defendants' motion to dismiss under Rule 12(b)(2) is granted.  This case is hereby dismissed without prejudice.[20]  Because the Court grants Defendants' motion under Rule 12(b)(2), it need not consider Defendants' other basis for dismissal—failure to state a claim.

　　　**IT IS THEREFORE ORDERED BY THE COURT** that Defendants' Motion to Dismiss Plaintiff's Complaint (Doc. 8) is **granted**.  This case is hereby dismissed without prejudice.

　　　**IT IS SO ORDERED.**

　　　Dated: September 30, 2021

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE

---

[20] *See, e.g.*, *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006).